IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TITUS JONES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 118-206 |
| | * | |
| SHAUNA POOLE and | * | |
| LISA A. DOZIER, | * | |
| | * | |
| Defendants. | * | |

## O R D E R

Before the Court are the following motions: (1) Defendant Poole's motion to dismiss (Doc. 4); (2) Defendant Poole's second motion to dismiss (Doc. 5); (3) Plaintiff Jones's motion for joinder (Doc. 11); Plaintiff's motion for summary judgment (Doc. 12); (4) Defendant Poole's amended motion to dismiss (Doc. 18); (5) Plaintiff's motion to amend summons (Doc. 25); (6) Plaintiff's motion to dismiss Defendant Poole's amended motion to dismiss (Doc. 26); and (8) Defendant Dozier's motion to dismiss (Doc. 30). The Court addresses each motion.

## I. BACKGROUND

### A. The Property

According to Plaintiff, proceeding *pro se*, he purchased the property in question out of foreclosure in August 2017. (Compl.,

Doc. 1, at 3.) The present dispute appears to involve ownership of real property upon which a mobile home sits, various easements benefiting the mobile home, and damage to the mobile home. (Id. at 3-6.) Plaintiff contends the mobile home and real property are solely accessible by way of an easement and a well located on adjacent property supplies water to the home. (Id. at 5.) Defendant Poole lived in the home prior to foreclosure and Plaintiff's subsequent purchase. (Id. at 3.) After Plaintiff assumed ownership, Defendant Poole lived in the mobile home as Plaintiff's tenant. (Id.) Defendant Poole later vacated the property. (Id. at 4.)

At the time Defendant Poole moved out, and at various times after, Plaintiff alleges Defendant Poole caused serious harm to the mobile home and surrounding areas. (Id.) Specifically, Plaintiff asserts Defendant Poole improperly removed light fixtures, broke windows, tampered with the water well, and destroyed furniture forcing Plaintiff to call the authorities numerous times. (Id. at 3, 4.) Plaintiff filed the present action on November 28, 2018, claiming: (1) trespass; (2) damage to real estate; (3) the grant of an appurtenant easement as to the driveway; (4) the grant of an implied easement by necessity as to the water well and driveway; and (5) adverse possession of the property where the mobile home is located.

2

## B. Procedural History and the Superior Court Litigation

On February 13, 2019, Defendant Poole, among other plaintiffs, filed a petition to quiet title as to the property in the Superior Court of Wilkes County, Georgia. (Doc. 6-1.) The superior court judge then denied Plaintiff's motions to dismiss and stay the superior court quiet title action thereby permitting that action to proceed. (Exs. to Pl.'s Mot. to Stay State Order, Doc. 35-1, at 63-65.) In assorted motions and filings, Defendant Poole asks the Court to stay the present action pending resolution of the superior court action. (Am. Mot. to Dismiss, Doc. 18, at 1; Resp. to Pl.'s Mot. for a Status Conference, Doc. 37, at 1-2.)

## II. DEFENDANTS' MOTIONS TO DISMISS

Defendants Dozier and Poole move to dismiss Plaintiff's complaint. The Court addresses each in turn.

### A. Legal Standard under Federal Rule of Civil Procedure 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 554,

555 (2007) (citation omitted). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

As for *pro se* plaintiffs, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Even though a *pro se* complaint should be construed liberally, [it] still must state a claim upon which the court can grant relief." Wilson v. Vanalstine, No. 1:17-cv-615-WSD, 2017 WL 4349558, at *2 (N.D. Ga. Oct. 2, 2017) (quoting Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007)). *Pro se* litigants are required to comply with procedural rules, and "the court is not required to rewrite deficient pleadings." Jacox v. Dep't of Def., 291 F. App'x 318, 318 (11th Cir. 2008) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds)).

## B. Defendant Dozier's Motion to Dismiss

Defendant Dozier moves to dismiss Plaintiff's complaint against her for failure to state a claim. (Doc. 30.) Ms. Dozier

4

argues Plaintiff not only failed to make out a claim against her, but she is not even mentioned in the complaint other than her name handwritten into the otherwise typed case caption, her contact information listed under "The Parties to this Complaint," and her listing in the certificate of service. (Def. Dozier's Mot. to Dismiss, Doc. 30-1, at 1-3.)

The Court agrees with Defendant Dozier and, even construing Plaintiff's complaint as liberally as possible, finds no factual allegations even hinting at liability attributable to her. The allegations in the complaint refer to a singular defendant. The purported lease attached to the complaint denotes Defendant Poole as the "Lessee" (Lease, Doc. 1-1, at 1), and the complaint discusses the landlord-tenant relationship referring to "defendant" as the tenant. (Compl., at 3-4.) Additionally, the complaint contains no allegations that Defendant Dozier has or had any interest in the disputed property. The complaint lacks any allegations to which Defendant Dozier can respond or that allow any interpretation of misconduct by Defendant Dozier. Accordingly, Defendant Dozier is dismissed from the action.

**C. Defendant Poole's Motions to Dismiss**

Defendant Poole moves to dismiss the complaint as frivolous, pursuant to Rules 12(b)(5) and 12(b)(6). (Docs. 4, 5, 18.) The Court first disagrees with Defendant Poole's argument that the Complaint is frivolous. "A complaint 'is frivolous where it lacks

5

arguable basis either in law or fact.'" Jackson v. Farmers Ins. Grp./Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The Eleventh Circuit "ha[s] also stated that a case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory.'" Id. (quoting Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)). Here, Plaintiff asserts facts that Defendant Poole lived in the mobile home in question and damaged the mobile home. Defendant Poole does not explain in her motion why these allegations are clearly baseless or fanciful. The Court, therefore, concludes the case is not frivolous on its face.

For the same reason, the facts are sufficient to at least state a claim as to the damages to the mobile home. To the extent Defendant Poole believes Plaintiff fails to state a claim as to her remaining causes of action, Defendant Poole failed to raise those arguments. See Monroe Cty. Emps.' Ret. Sys. v. S. Co., 333 F. Supp. 3d 1315, 1322 (N.D. Ga. 2018) ("It is not the role of the [c]ourt to make arguments for the parties but to consider and decide the specific arguments made by the parties."). Defendant Poole's motions to dismiss for failure to state a claim are denied.

Finally, Defendant Poole filed an amended motion to dismiss, without leave of court, arguing that Plaintiff's Complaint is due to be dismissed pursuant to Rules 4 and 12(b)(5) for insufficient

6

service of process. Plaintiff filed a motion to dismiss Defendant Poole's amended motion to dismiss. (Doc. 26.) Although Plaintiff should have filed his motion as a response (see LR 7.5, SDGa), the Court agrees with the substance of Plaintiff's motion. "Under [Rule] 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Defendant Poole offers no reason to depart from this rule here, and her objection to service is deemed waived. The Court's denial of Defendant Poole's amended motion to dismiss moots Plaintiff's motion to dismiss Defendant Poole's amended motion to dismiss and, in conjunction with the dismissal of Defendant Dozier, moots Plaintiff's motion to amend summons. (Doc. 25.) Finally, given the Court's ruling on Defendant Poole's motion to dismiss, the stay imposed by the Court's Order dated March 12, 2019 (Doc. 20), is lifted.

### III. DEFENDANT POOLE'S MOTION TO STAY

The Court next analyzes Defendant Poole's motion to stay the case in light of the proceedings in the Wilkes County Superior Court. The Supreme Court in Colorado River Water Conservation District v. United States set forth an abstention-like doctrine applicable to instances of concurrent proceedings in federal and

state court. 424 U.S. 800, 817-20 (1976). "The Colorado River doctrine of 'exceptional circumstances' authorizes a federal district court to dismiss or stay an action when there is an ongoing parallel action in state court." Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004) (citation and internal quotation marks omitted). Under the Colorado River doctrine, Plaintiff's motion depends on resolving two issues: (1) Whether the Wilkes County Superior Court action is "parallel" to the case at bar, and (2) If so, whether the factors evolving from Colorado River favor staying the federal action.

Cases are parallel "when federal and state proceedings involve substantially the same parties and substantially the same issues." Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1330 (11th Cir. 2004). "There is no clear test for deciding whether two cases contain substantially similar parties and issues," but "if there is any substantial doubt about whether two cases are parallel the court should not abstain." Acosta v. James A. Gustino, P.A., 478 F. App'x 620, 622 (11th Cir. 2012). In the federal case, Plaintiff claims property rights through adverse possession and multiple easements. These issues directly overlap with the *in rem* quiet title action in superior court. Plaintiff, however, also asserts claims of trespass and damage to his mobile home. Although the superior court case may impact some of the trespass claims, the superior court case's impact on the claim of

8

damages to the mobile home is not as clear. The Supreme Court plainly stated, "[T]he decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving the substantive part of the case, whether it stays or dismisses." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983). Regardless of the outcome in superior court regarding property rights, nothing in the record indicates that the superior court action will absolve this Court of its obligation to resolve the claim of damages to the mobile home. Therefore, to the extent Defendant Poole requests that the Court stay the federal case, that request is denied at this time.

### IV. PLAINTIFF'S MOTION FOR JOINDER AND SUMMARY JUDGMENT

Plaintiff moves to join parties named in the superior court action as necessary parties in this action pursuant to Federal Rule of Civil Procedure 19. Rule 19(a) explains that a required party is one that, "in that person's absence, the court cannot accord complete relief among existing parties"; or the "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may: . . . impair or impede the person's ability to protect the interest" or create a substantial risk of double, multiple, or inconsistent obligations for an existing party. A Rule 19 movant

9

"has the burden of demonstrating the propriety of . . . joinder." W.S. McDuffie & Assocs., P.C. v. Owens, 682 F. Supp. 1226, 1229 (N.D. Ga. 1988).

Plaintiff filed the motion for joinder (Doc. 11) in conjunction with his motion for summary judgment (Doc. 12). Plaintiff's motion for summary judgment undermines his joinder argument; it is entirely inconsistent for Plaintiff to move for summary judgment against the current parties to the case while also arguing the Court cannot afford appropriate relief to the current parties without the addition of the necessary parties. Accordingly, Plaintiff fails to establish joinder is proper.[1]

Plaintiff's failure to comply with the Local Rules merits denial of his motion for summary judgment. Pursuant to Local Rule 56.1, "[I]n addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof." Plaintiff's motion for summary judgment lacks any statement of undisputed facts. As a result, the Court denies Plaintiff's motion

---

[1] Additionally, as part of the Court's consideration under Rule 19, particularly because the case is in federal court by reason of diversity jurisdiction, the Court must determine if the proposed joined parties will "deprive the court of subject-matter jurisdiction." FED. R. CIV. P. 19(a). The Court lacks sufficient facts regarding the domiciles of the proposed necessary parties to properly analyze Plaintiff's motion.

10

for summary judgment. In future motions, including any motions for summary judgment, Plaintiff is advised to heed the Local Rules.

### V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Defendant Poole's motion to dismiss (Doc. 4) is **DENIED**;

(2) Defendant Poole's second motion to dismiss (Doc. 5) is **DENIED**;

(3) Plaintiff's motion for joinder (Doc. 11) is **DENIED**;

(4) Plaintiff's motion for summary judgment (Doc. 12) is **DENIED**;

(5) Defendant Poole's amended motion to dismiss (Doc. 18) is **DENIED**;

(6) Plaintiff's motion to amend summons (Doc. 25) is **DENIED AS MOOT**;

(7) Plaintiff's motion to dismiss Defendant Poole's amended motion to dismiss (Doc. 26) is **DENIED AS MOOT**;

(8) Defendant Dozier's motion to dismiss (Doc. 30) is **GRANTED**; and

(9) The stay imposed by the Court's March 12, 2019 Order (Doc. 20) is **LIFTED**.

The Clerk is **DIRECTED** to **TERMINATE** Defendant Dozier as a party and any deadlines and motions pertaining to her.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA