FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAR 31 AM 11:36
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TITUS JONES, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-206 |
| SHAUNA POOLE, | * | |
| Defendant. | * | |

**O R D E R**

Before the Court are Plaintiff's motions to stay state court order (Doc. 35) and for an expedited hearing and status conference (Doc. 36).[1] For the following reasons, Plaintiff's motions are **DENIED**.

**I. BACKGROUND**

Plaintiff filed the present action against Defendant asserting claims for trespass, damage to real estate, the granting of easements, and adverse possession as to disputed property. (Compl., Doc. 1, at 1, 5-6.) Previously, Defendant moved to stay this federal action in light of a related, quiet title state court proceeding, Jones, et al. v. Jones, et al., No. 19CV0015, Superior

---

[1] The Court understands the issues and decides Plaintiff's motion to stay the related state court proceeding without the benefit of a hearing. The Parties offered no authority either supporting or opposing the motion. Accordingly, there is no reason to believe a hearing will assist the Court in resolving the pending motion.

Court of Wilkes County, Georgia (filed Feb. 13, 2019). (Am. Mot. to Dismiss, Doc. 18; Notice of Parallel State Court Action, Doc. 6; Notice of Parallel State Court Action Ex., Doc. 6-1, at 1.) On September 30, 2019, the Court denied Defendant's motion to stay the federal court action finding that although the federal and state cases are related, they are not "parallel" for the purpose of abstention. (Order, Doc. 39, at 7-9.)

Plaintiff's present motion titled "Plaintiff Motion to Stay State Order" is more properly classified as a motion to enjoin the Wilkes County proceeding.[2] (See Mot. to Stay State Court Order, Doc. 35, ¶ 14.) Plaintiff offers no authority supporting his position. Defendant opposed the motion (Doc. 37), and Plaintiff replied in support (Doc. 38). The motions are ripe for consideration.

## II. DISCUSSION

As noted, Plaintiff asks this Court to enjoin the related quiet title state court action. "[T]he sole relevant inquiry is whether the injunction qualifies for one of the exceptions to the Anti-Injunction Act." Burr & Forman v. Blair, 470 F.3d 1019, 1028 (11th Cir. 2006). The Eleventh Circuit has outlined examples of

---

[2] Although the Court discusses enjoining the state court proceeding or other similar language throughout this Order, "this should be understood as shorthand for enjoining a party or parties from pursuing particular claims in state court, rather than enjoining a state court or state judge from proceeding with a case." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1102 n.14 (11th Cir. 2004).

2

the federal courts' injunction power.[3] Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097-99 (11th Cir. 2004). The type of injunction requested here "is an injunction under 28 U.S.C. § 1651(a), the All Writs Act, which states, 'The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law,'" as limited by the Anti-Injunction Act. Id. at 1099; accord Burr & Forman, 470 F.3d at 1027. The All Writs Act allows district courts "to safeguard . . . ongoing proceedings." Klay, 376 F.3d at 1099.

A primary exception to the district court's power to protect its jurisdiction under the All Writs Act is that "in general, it may not enjoin state court proceedings to protect its ability to render judgments in ongoing *in personam* proceedings." Id. at 1102 (footnote omitted). "The simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under this act." Id. at 1102-03. Conversely, when the district court is exercising *in rem* jurisdiction, "the court

---

[3] Two types of injunctions discussed in Klay are not at issue here. The first is a "traditional injunction" that is "predicated upon a cause of action" for an "interim or permanent remedy." 376 F.3d at 1097. The second type is a "statutory injunction" in cases "where a statute bans certain conduct or establishes certain rights, then specifies that a court may grant an injunction to enforce the statute." Id. at 1098. The Anti-Injunction Act contains another, although also inapplicable, exception "to protect or effectuate [federal courts'] judgments." Burr & Forman, 470 F.3d at 1026.

3

may generally enjoin proceedings in any other court regarding that property." Id. at 1103.

"In light of the federalism concerns underlying the Anti-Injunction Act, courts construe . . . the 'necessary in aid of its jurisdiction' . . . exception[] narrowly." Burr & Forman, 470 F.3d at 1028. "Any doubts" regarding "the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." Estate of Brennan ex rel. Britton v. Church of Scientology Flag Serv. Org., Inc., 645 F.3d 1267, 1273 (11th Cir. 2011) (quoting Smith v. Bayer Corp., 564 U.S. 299, 306 (2011)). Ultimately, deciding whether an injunction is proper is within the district court's discretion. In re Bayshore Ford Truck Sales, Inc., 471 F.3d 1233, 1250 (11th Cir. 2006).

"*In rem* jurisdiction derives entirely from the court's control over the defendant *res*." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1435 (11th Cir. 1991). On the other hand, *in personam* jurisdiction is over the defendant herself. Shaffer v. Heitner, 433 U.S. 186, 199 (1977). First, Plaintiff personally served Defendant evidencing an attempt to bring Defendant personally — rather than the *res* — within the Court's jurisdiction.[4] (See Aff. of Service, Doc. 24.) Second, Plaintiff

---

[4] Plaintiff's property tort claims, trespass and damage to real estate, are claims requiring *in personam* jurisdiction. See Bailey v. Hall, 405 S.E.2d 579,

4

seeks to assert his right to title of the property through adverse possession. Plaintiff, however, does not assert his right to the property against all people, but solely against Defendant in an attempt to show his superior right to the property in question.

In Georgia, two types of quiet title actions exist to assert right to title: (1) Conventional *Quia Timet*, O.C.G.A. § 23-3-40 *et seq.* and (2) *Quia Timet* Against All the World, O.C.G.A. § 23-3-60 *et seq.* The state court action is the latter. In the related state court proceeding, the court appointed a special master pursuant to O.C.G.A. § 23-3-63. (Mot. to Stay State Court Order Ex., Doc. 35-1, at 49-52.) The same part of the Georgia Code expresses that *quia timet* actions against all the world are *in rem* proceedings. O.C.G.A. § 23-3-61. Therefore, an exception to the Anti-Injunction Act applies if this Court is also exercising *in rem* jurisdiction. The Court concludes, however, that this proceeding does not invoke *in rem* jurisdiction, thereby stripping this Court of authority to enjoin the related state court action.

An action seeking to cancel another's deed through conventional quiet title is an *in personam* proceeding against the deed holder.[5] Payne v. Terhune, 91 S.E.2d 348, 349-50 (Ga. 1956)

---

582 (Ga. Ct. App. 1991) (noting tort actions seek *in personam* jurisdiction over the defendant).
[5] In determining whether issuing an injunction is proper due to federal court exclusive jurisdiction, district courts have looked to whether the state law claim in the federal action is an *in rem* or *in personam* action under state law. See Popescu v. JP Morgan Chase & Co., No. 12-80851-CIV, 2013 WL 5535867, at *2 (S.D. Fla. Oct. 7, 2013) (citing Florida law).

(finding conventional quiet title required jurisdiction over the defendant's person). From what the Court discerns from Plaintiff's *pro se* complaint, Plaintiff's assertion of right to the title in question through adverse possession only against Defendant is more akin to Conventional *Quia Timet* than *Quia Timet* Against All the World. Third, Plaintiff's other claims concerning real property, the easement claims, are dependent on Plaintiff's adverse possession assertion even to the extent the easement claims can be classified as *quasi in rem* rather than *in personam*.

The Eleventh Circuit has resolutely established the general rule that federal courts may not enjoin a state court proceeding as a result of its own *in personam* proceeding. <u>Klay</u>, 376 F.3d at 1102-03. The rule holds firm "even if there is a danger that the state court might decide first and thereby deprive the federal judiciary from resolving the matter because of *res judicata*." <u>Id.</u> at 1103 (citation omitted). In most cases, the absence of parallel *in rem* proceedings ends the "in aid of its jurisdiction" injunction analysis. See <u>Estate of Brennan</u>, 645 F.3d at 1274 (citation omitted) (finding federal action was not an *in rem* action); <u>In re Bayshore Ford Truck Sales</u>, 471 F.3d at 1251 (finding the federal action was an *in personam* action, not an *in rem* action). As concluded, the present case is an *in personam* action and, therefore, enjoining the state court is improper barring an expansion of the discussed exception.

In Burr & Forman, the Eleventh Circuit indicated a willingness to expand beyond the traditional parallel *in rem* justification for enjoining a state court action: "Use of this exception has also been upheld where the respective proceedings closely resemble an *in rem* dispute over a *res*." 470 F.3d at 1031. The Burr & Forman Court highlighted that even if the related actions are not parallel *in rem* proceedings, an injunction may issue if "the matter in controversy in the federal court proceeding" is "'the virtual equivalent' of a controversy over disputed *res* in an *in rem* proceeding *and* the state court proceeding must constitute a threat to the federal court's resolution of that controversy." Id. at 1032 (emphasis in original). The present case, it could be argued, closely resembles an *in rem* proceeding from the standpoint that this action involves a dispute over rights and ownership of a *res* — the disputed property also at the center of the related *in rem* state court action. In reviewing Eleventh Circuit cases, however, the proceedings meeting the "virtual equivalent" expanded exception are vastly different than the action at issue.

For one, Battle v. Liberty Nat'l Life Ins. Co. involved the settlement of three consolidated class actions. 877 F.2d 877, 879 (11th Cir. 1989). The federal action required "seven years of litigation over complicated antitrust issues," "several weeks of court hearings," approximately "2,300 pages of transcript," "review of about 200 exhibits," and "[a]lmost 200

7

depositions . . . totaling some 18,000 pages." Id. at 880-81. "The judgment established the rights of about 2.5 million policies, more than 1 million policyholders and about 300 funeral home operators in the state." Id. at 881. As a result, the "lengthy, complicated litigation [was] the 'virtual equivalent of a *res*.'" Id. at 882. Similarly, Wesch v. Folsom mandated "a great deal of time and other resources" in a three-judge panel determination of congressional district reapportionment. 6 F.3d 1465, 1471 (11th Cir. 1993). Wesch followed Battle to reaffirm that a "lengthy and complicated class action suit is the virtual equivalent of a *res* to be administered." Id. at 1470; see also Juris v. Inamed Corp., 685 F.3d 1294, 1339-40 (11th Cir. 2012). The Eleventh Circuit's "virtual equivalent" of a *res* exception appears to be less concerned with whether the *in personam* action is similar to an *in rem* proceeding in the sense that the *res* itself is the virtual equivalent and, instead, focuses on whether it would be profoundly disruptive to allow a subsequent proceeding to undermine the jurisdiction the federal court already exercised in an arduous proceeding.

Here, while the federal *in personam* action may contain a virtually — or actually — equivalent *res*, it is not the virtual equivalency the Eleventh Circuit has concluded expands the parallel *in rem* action exception. This federal action has not involved the time and resources expended in Battle and Wesch.

Moreover, in both Battle and Wesch, the federal action had progressed well beyond the state court action, which is not the case here. Considering the present action is an *in personam* action as compared to the *in rem* action in the state court, exceptions to the Anti-Injunction Act are strictly construed and doubts are decided against enjoining state court proceedings, and the present facts are dissimilar to cases employing the expanded "virtual equivalency" exception, the Court finds no reason to depart from the basic rules of comity restricting federal courts' authority to enjoin state court proceedings. The related "state court proceeding[] may peacefully co-exist with [this] *in personam* federal proceeding[]." Klay, 376 F.3d at 1111.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motions to stay state court order (Doc. 35) and for an expedited hearing and status conference (Doc. 36) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of March, 2020.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```