```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION

TITUS JONES,                      *
                                  *
     Plaintiff,                   *
                                  *
                                  *         CV 118-206
          v.                      *
                                  *
SHUNYA POOLE,                     *
                                  *
     Defendant.                   *
```

# O R D E R

Before the Court is Plaintiff's motion for partial summary judgment and joinder. (Doc. 58.) For the following reasons, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed the underlying lawsuit against Defendant asserting claims for trespass, damage to real estate, the granting of easements, and adverse possession as to a disputed property. (Compl., Doc. 1, at 1, 5-6.) There is a related quiet title state court proceeding, Jones, et al. v. Jones, et al., No. 19CV0015, filed February 13, 2019, pending in the Superior Court of Wilkes County, Georgia. (Notice of Parallel State Court Action, Doc. 6.) On September 30, 2019, the Court denied Defendant's motion to stay

the federal court action finding that although the federal and state cases are related, they are not "parallel" for the purpose of abstention. (Sept. 30, 2019 Order, Doc. 39, at 7-9.) Further, the Court dismissed Lisa Dozier as a party to the action because no allegations in the Complaint were attributable to her. (Id. at 5.) The Order also denied Plaintiff's motions for joinder and summary judgment, finding Plaintiff failed to establish joinder as proper and Plaintiff's motion for summary judgment lacked any statement of material facts, in violation of Local Rule 56.1. (Id. at 10-11.) On March 31, 2020, the Court denied Plaintiff's motions to stay state court order, construing the motion as a motion to enjoin the Wilkes County proceeding, and for an expedited hearing and status conference. (Mar. 31, 2020 Order, Doc. 53, at 1.) The Court found the state court proceeding and this proceeding may peacefully coexist due to their different objections. (Id. at 9.)

## II. PARTIAL SUMMARY JUDGMENT

A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, motions for partial summary judgment are granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'material' if . . . it might affect the outcome of the case . . . [and it] is 'genuine' if the record taken as a whole

could lead a rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992)). The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted). The Court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." Preis v. Lexington Ins. Co., 508 F. Supp. 2d 1061, 1067 (S.D. Ala. 2007), aff'd, 279 F. App'x 940 (11th Cir. 2008) (internal citations omitted). Therefore, "the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." Id. (citing Four Parcels of Real Prop., 941 F.2d at 1438).

3

If the moving party "fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (citing Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991)). It is therefore only after the moving party has sufficiently carried its burden that the Court will turn to the non-movant to show the existence of a genuine issue of material fact. Id.

In addition, the Southern District of Georgia's Local Rules require:

> [I]n addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof. Each statement of material fact shall be supported by a citation to the record. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.

L.R. 56.1, S.D. Ga. Therefore, the moving party must provide the Court with a clear and concise statement of the material facts. "Parties may not, by the simple expedient of dumping a mass of evidentiary material into the record, shift to the Court the burden of identifying evidence supporting their respective positions." Preis, 508 F. Supp. 2d at 1068. Essentially, the Court has no duty "to distill every potential argument that could be made based upon the materials before it on summary judgment." Id. (citing

4

Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995)). Accordingly, the Court will only review the materials the parties have specifically cited and the legal arguments they have expressly advanced. See id.

In this action, the Clerk of Court gave Defendant notice of the motion for summary judgment and informed her of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 59.) For that reason, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, the issues have been briefed, and the motion is now ripe for consideration.

B. Discussion

1. Dismiss State Court Action / Takings Clause Claim

Plaintiff asserts he has "experienced extreme bias by the state court and request[s] that this court dismiss the state court case and adjudicate this case in federal court." (Doc. 58, at 1.) As the Court found in its March 31, 2020 Order, "[t]he related state court proceeding may peacefully co-exist with this *in personam* federal proceeding." (Mar. 31, 2020 Order, at 9.) The Court found the anti-injunction act prohibited it from enjoining the state court action. Based on its prior analysis, the Court finds no reason to entertain the request again here. Plaintiff's request to dismiss the state court action is **DENIED**.

5

Further, Plaintiff asserts this action should be continued in federal court because county officials took his private property, thereby asserting a Takings Clause claim. (Doc. 58, at 9.) This claim was not raised in Plaintiff's Complaint or prior motions in this case. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend [his] complaint through argument in a brief . . . ." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (citations omitted). Therefore, it is improper for Plaintiff to assert this new Takings Clause claim at this stage. If he wishes to assert such a claim, it will require him to file an amended complaint with the Court.

2. Partial Summary Judgment Motions

Plaintiff moves for partial summary judgment because he has ownership through adverse possession, Defendant's claims of fraud do not terminate his prescriptive title, Defendant's claims of erroneous survey do not terminate his deed and expressed easement, and the easement by necessity prevents Plaintiff's property from being landlocked and provides access to a water-well. (Doc. 58, at 11, 13, 16, 18.)

As noted above, in order to file a proper motion for summary judgment, the Local Rules of this Court require the moving party provide a separate, short, and concise statement of the material

6

facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof. See L.R. 56.1, S.D. Ga. The Rule also requires each statement of material fact to be supported by a citation to the record. Id. In the Court's prior Order, it denied Plaintiff's motion for summary judgment for failure to comply with the Local Rules. (Sept. 30, 2019 Order, at 10.) The Plaintiff's motion there did not have a statement of undisputed facts, and the Court provided instructions that "[i]n future motions, including any motions for summary judgment, Plaintiff is advised to heed the Local Rules." (Id. at 11.) In the present motion, Plaintiff again failed to comply with the Local Rules. The Court notes that Plaintiff did attach a number of exhibits and stated in his motion that "[t]he submitted statements of facts from the defendant's parallel case, the defendant's exhibits, the plaintiff's emails and the plaintiff exhibits, establish that there is no genuine issue of material fact . . . " (Doc. 58, at 8), but this is not compliant with the requirements of the Local Rules. It is not the duty of the Court to filter through all facts of the case to determine which facts support Plaintiff's motion, especially when there is no citation to the record, as required by L.R. 56.1. See Preis, 508 F. Supp. 2d at 1068 (holding that a party dumping evidentiary material into the record does not shift the burden to the Court to identify evidence to support the party's position). The Eleventh Circuit

7

has held that "although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)) (internal quotations omitted). The Court has previously told Plaintiff of his duty to comply with the Local Rules of the Court, and therefore his failure to do so in this case justifies denial of his motion.

Since Plaintiff has not carried his burden for a motion for summary judgment, the Court finds no reason to address the arguments made by the non-moving party. See Fitzpatrick, 2 F.3d at 1116. Based on the foregoing, Plaintiff's motion for partial summary judgment is **DENIED**.

### III. JOINDER

Plaintiff requests the joinder of Lisa Dozier and Cindy Godwin for violation of his fundamental right under the Takings Clause of the Fifth Amendment. (Doc. 58, at 1.) As explained above, Plaintiff cannot assert new claims in a motion for summary judgment, therefore his Taking Clause claim is improper here. Based on this, the joinder of these parties is also improper and is therefore **DENIED AS MOOT**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment and Joinder (Doc. 58) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of January, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA