IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TITUS JONES,

    Plaintiff,

v.

SHUNYA POOLE,

    Defendant.

CV 118-206

**O R D E R**

Before the Court is Defendant's motion for summary judgment. (Doc. 92.) For the following reasons, Defendant's motion is **DENIED WITHOUT PREJUDICE**.

I. BACKGROUND

Plaintiff filed suit against Defendant on November 28, 2018, asserting claims for trespass, damage to real estate, the granting of easements, and adverse possession as to a disputed property. (Doc. 1, at 1, 5-6.) There is a related quiet-title, state-court action, Jones v. Jones, No. 19CV0015, filed February 13, 2019 in the Superior Court of Wilkes County, Georgia (the "Underlying Action"), and the final order in that suit was entered on September 21, 2023. (Doc. 92-3, at 1.) The state court found Plaintiff is not the owner of the real property at issue and instructed

Plaintiff to remove his mobile home from the subject property. (Id. at 2-3.) Plaintiff filed a notice of appeal in the Underlying Action on October 23, 2023. Jones v. Jones, No. 19CV0015 (Superior Ct. Wilkes Cnty., Oct. 23, 2023) (Doc. 85).

Defendant filed this motion for summary judgment on September 28, 2023, contending the final order in the Underlying Action precludes the Court from ruling, and Plaintiff's claims are all mooted by the Underlying Action finding he did not own the real property at issue. (Doc. 92-1, at 1-2.) Plaintiff filed no response to Defendant's motion.[1]

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, a motion for summary judgment is granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'material' if . . . it might affect the outcome of the case . . . [and it] is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004) (citations omitted). The Court must view factual disputes in the light most favorable to the non-moving party,

---

[1] It appears to the Court Plaintiff has not been active in this case since September 2021. Plaintiff is warned that failure to prosecute his claims with reasonable promptness could result in dismissal of the action. See L.R. 41.1, SDGa.; see also Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted). The Court should not weigh the evidence or determine credibility. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998).

The movant may "satisfy its initial burden on summary judgment in either of two ways." McQueen v. Wells Fargo Home Mortg., 955 F. Supp. 2d 1256, 1262 (N.D. Ala. 2013) (citing Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)). "First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand." Id. (citation omitted). If this occurs, "the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. (citation omitted). Or second, the movant may "provide affirmative

*evidence* demonstrating that the non-moving party will be unable to prove [his] case at trial." Id. (citation omitted).

The non-movant's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. L.R. 7.5, SDGa; L.R. 56.1, SDGa. The failure to respond to such a motion shall indicate there is no opposition to the motion. L.R. 7.5, SDGa. Furthermore, each material fact set forth in the movant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. L.R. 56.1, SDGa. Under Rule 56(e), though, "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion." FED. R. CIV. P. 56(e) advisory committee's note to 2010 amendment. When the nonmoving party has failed to respond to a motion for summary judgment, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). The district court need not review all the evidentiary materials on file, but "must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." Id. at 1002 (quoting Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989)).

The Clerk of Court provided Plaintiff notice of the summary judgment motion, the right to file affidavits or other materials in opposition, and the consequences of default.[2] (Doc. 93.) For that reason, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985), are satisfied. Each Party had ample time to file replies, and the time for filing materials has expired. The motion is now ripe for consideration.

### III. DISCUSSION

The sole basis Defendant offers in support of her motion for summary judgment is the preclusive effect of the Underlying Action's judgment. (Doc. 92-1, at 1-2.) "Under the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do the same." Richardson v. Miller, 101 F.3d 665, 668 (11th Cir. 1996). "In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion." Cmty. State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011) (citations omitted).

---

[2] Plaintiff's notice was returned to the Court as undeliverable. It is Plaintiff's responsibility to keep his contact information up to date, and it appears he has failed to do so in violation of the Local Rules. See L.R. 11.1, SDGa. ("Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change.").

"In Georgia, the doctrine of res judicata prevents the relitigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." Shuman v. First Guar. Mortg. Corp., No. 4:19-cv-055, 2019 WL 5198470, at *3 (S.D. Ga. Oct. 15, 2019) (quotation marks omitted) (citing Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006)). To invoke res judicata based on a prior judgment, a party "must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues." Id. (quoting Akin v. PAFEC Ltd., 991 F.2d 1550, 1556 (11th Cir. 1993)).

On the other hand, collateral estoppel prevents parties from relitigating issues which were actually litigated and decided in a previous adjudication. Cmty. State Bank, 651 F.3d at 1264-65 (citing Waldroup v. Greene Cnty. Hosp. Auth., 463 S.E.2d 5, 7 (Ga. 1995)). "A party seeking to assert collateral estoppel under Georgia law must demonstrate that (1) an identical issue, (2) between identical parties, (3) was actually litigated and (4) necessarily decided, (5) on the merits, (6) in a final judgment, (7) by a court of competent jurisdiction." Id. at 1264 (citations omitted).

6

"In Georgia, there is no final judgment so long as a party has a right to appellate review." Shuman, 2019 WL 5198470, at *4 (citing CS-Lakeview at Gwinnett, Inc. v. Retail Dev. Partners, 602 S.E.2d 140, 142 (Ga. Ct. App. 2004)). Therefore, since an appeal is still pending in the Underlying Action, neither res judicata nor collateral estoppel applies to Plaintiff's claims. Because Defendant relies only on the preclusive effect of the Underlying Action's judgment and the judgment is not yet final, she cannot establish the absence of a genuine issue of material fact as to any essential element of Plaintiff's claim. Therefore, summary judgment is improper at this time.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 92) is **DENIED WITHOUT PREJUDICE**.[3] The Court **DIRECTS** the Parties to file a joint status report every **SIXTY (60) DAYS**, detailing the status of their case, including the status of the pending appeal of their related case from the Superior Court of Wilkes County. The Parties **SHALL** provide status updates until such time as the related case's appeal is resolved.

---

[3] The Clerk is **DIRECTED** to send this Order to the Plaintiff's email address included in Defendant's motion for summary judgment, TLJGRADE@yahoo.com, in addition to the address on record.

**ORDER ENTERED** at Augusta, Georgia, this ___1ST___ day of ___December___, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA