IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

|  |  |  |
|---|---|---|
| TITUS JONES, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-206 |
| SHUNYA POOLE, | * | |
| Defendant. | * | |

# ORDER

Before the Court is Defendant's renewed motion for summary judgment. (Doc. 96.) For the following reasons, Defendant's motion is **GRANTED IN PART**.

## I. BACKGROUND

Plaintiff filed suit against Defendant on November 28, 2018, asserting claims for trespass, damage to real estate, the granting of easements, and adverse possession as to a disputed property (the "Property"). (Doc. 1, at 1, 5-6.) Plaintiff's mobile home sits on the Property. (Doc. 96-3, at 4.) Plaintiff alleges Defendant was a tenant of this mobile home, but upon and after leaving the Property, Defendant trespassed on and damaged the Property and mobile home. (Doc. 1, at 3-5.) The alleged damage to the mobile home included broken windows, removal of light

fixtures resulting in electrical damage, and destruction of personal property. (Id. at 3, 5.)

There was a related quiet title action, Jones v. Jones, No. 19CV0015, filed February 13, 2019, in the Superior Court of Wilkes County, Georgia (the "Underlying Action"), and the final order in the Underlying Action was entered on September 21, 2023. (Doc. 96-3, at 1.) The Superior Court found Plaintiff is not the owner of the Property and instructed Plaintiff to remove his mobile home from the Property. (Id. at 2-4.) Defendant filed an initial motion for summary judgment on September 28, 2023, seeking dismissal based on res judicata. (Doc. 92.) This motion was denied without prejudice as premature because an appeal was still pending in the Underlying Action. (Doc. 95, at 7.)

On January 4, 2024, the Superior Court of Wilkes County dismissed Plaintiff's appeal in the Underlying Action for failure to prosecute. (Doc. 96, at 1-2; Doc. 96-4.) Defendant then filed this motion for summary judgment, renewing her arguments for summary judgment from her September 28, 2023 motion in which she contends the Superior Court's order precludes this Court from ruling on the matter. (Doc. 96, at 1; Doc. 92, at 1.) Plaintiff filed no response.

2

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a motion for summary judgment is granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'material' if . . . it might affect the outcome of the case . . . [and it] is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004) (citations omitted). The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted). The Court should not weigh the evidence or determine credibility. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). A mere "scintilla" of evidence, or simply

3

conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998).

The movant may "satisfy its initial burden on summary judgment in either of two ways." McQueen v. Wells Fargo Home Mortg., 955 F. Supp. 2d 1256, 1262 (N.D. Ala. 2013) (citing Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)). "First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand." Id. (citation omitted). If this occurs, "the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. (citation omitted). Or second, the movant may "provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove [his] case at trial." Id. (citation omitted and emphasis in original).

The non-movant's response to a motion for summary judgment must be filed within twenty-one days after service of the motion. L.R. 7.5, SDGa; L.R. 56.1, SDGa. The failure to respond to such a motion shall indicate there is no opposition to the motion. L.R. 7.5, SDGa. Furthermore, each material fact set forth in the movant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. L.R. 56.1,

4

SDGa.  Under Rule 56(e), though, "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion." FED. R. CIV. P. 56(e) advisory committee's note to 2010 amendment.  When the nonmoving party has failed to respond to a motion for summary judgment, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). The district court need not review all the evidentiary materials on file, but "must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." Id. at 1102 (quoting Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989)).

The Clerk of Court provided Plaintiff notice of the summary judgment motion, the right to file affidavits or other materials in opposition, and the consequences of default.  (Doc. 97.)  For that reason, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985), are satisfied.  Each Party had ample time to file replies.  The time for filing materials has expired, and the motions are now ripe for consideration.

5

## III. DISCUSSION

Defendant contends res judicata precludes the Court from considering Plaintiff's claims as his claims are all mooted by the Superior Court's finding that he did not own the Property. (Doc. 96, at 1.) "Under the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do the same." Richardson v. Miller, 101 F.3d 665, 668 (11th Cir. 1996). "In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion." Cmty. State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011) (citations omitted).

"In Georgia, the doctrine of res judicata prevents the relitigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." Shuman v. First Guar. Mortg. Corp., No. CV419-055, 2019 WL 5198470, at *3 (S.D. Ga. Oct. 15, 2019) (internal quotation marks omitted) (citing Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006)). To invoke res judicata based on a prior judgment, a party "must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties

6

had a full and fair opportunity to litigate the relevant issues." Id. (quoting Akin v. PAFEC Ltd., 991 F.2d 1550, 1556 (11th Cir. 1993)).

On the other hand, collateral estoppel prevents parties from relitigating issues which were actually litigated and decided in a previous adjudication. Cmty. State Bank, 651 F.3d at 1264-65 (citing Waldroup v. Greene Cnty. Hosp. Auth., 463 S.E.2d 5, 7 (Ga. 1995)). "A party seeking to assert collateral estoppel under Georgia law must demonstrate that (1) an identical issue, (2) between identical parties, (3) was actually litigated and (4) necessarily decided, (5) on the merits, (6) in a final judgment, (7) by a court of competent jurisdiction." Id. at 1264 (citations omitted).

The Underlying Action was a quiet title action. (Doc. 96-3, at 1.) The Superior Court held the Property, the subject of both this action and the Underlying Action, was vested in Defendant and established ownership of the Property for all other litigation. (Id. at 2-3.) Defendant contends the Underlying Action moots Plaintiff's claims "because it has been adjudicated that he does not own the [P]roperty." (Doc. 92-1, at 3.) The Court, for the most part, agrees.

Plaintiff, proceeding *pro se*, asserts claims against Defendant for trespass, damage to real estate, the granting of easements, and adverse possession as to the Property. (Doc. 1, at

7

1, 5-6.)  Plaintiff also claims "[D]efendant destroyed personal property," including breaking windows, damaging personal property, and causing electrical damage to Plaintiff's mobile home. (Id. at 3, 5.)  The Court liberally construes briefs filed by pro se litigants. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  As such, it appears Plaintiff brings claims for damages to both real and personal property.

Defendant moves for summary judgment based solely on the preclusive effect of the Superior Court's decision in the Underlying Action.  (Doc. 96.)  While Defendant points to res judicata, the proper doctrine applicable here is collateral estoppel.  (Id. at 1.)  "Collateral estoppel, or issue preclusion, recognizes that suits addressed to particular claims may present issues relevant to suits on other claims . . . and requires that the identical issue in question was actually litigated and necessary to the judgment of an earlier suit." Manning v. City of Auburn, 953 F.2d 1355, 1358 (11th Cir. 1992) (internal quotation marks and citations omitted).  In resolving a claim of issue preclusion, "[a] court must look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in the first cause of action." Id. at 1359 (internal quotation marks and citation omitted).  The Court addresses the preclusive effect of the prior judgment to both types of Plaintiff's claims below.

8

**A. Claims for Damages to Real Property**

In this action, Plaintiff brings several claims for damages to real property: trespass, damage to real estate, the granting of easements, and adverse possession. (Doc. 1, at 1, 5-6.) Ownership or a vested interest in the Property is an essential element of each of these claims. See Pope v. Pulte Home Corp., 539 S.E.2d 842, 843-44 (Ga. Ct. App. 2000) ("A person commits trespass when he knowingly and without authority enters upon the land of another . . . ."); Jones v. Cliett, 40 S.E. 719, 720 (Ga. 1902) ("In order to maintain a suit for damages to land, it is essential for the plaintiff to show either that he is in actual possession of the land or has title thereto." (citations omitted)); Brown v. Tomlinson, 272 S.E.2d 258, 259 (Ga. 1980) ("An easement is the right in the owner of one parcel of land . . . to use the land of another for a special purpose not inconsistent with a general property in the owner." (alteration in original) (internal quotation marks and citation omitted)); O.C.G.A. § 44-5-160 ("Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by law."). In the Underlying Action, the Superior Court found the Property is fully vested in Defendant. (Doc. 96-3, at 2-3.)

Here, all the elements of collateral estoppel are met: identical parties have actually litigated an identical issue —

9

property ownership — and the issue has been decided on the merits in a final judgment by a court of competent jurisdiction. Cmty. State Bank, 651 at 1264-65 (citations omitted). Plaintiff is precluded from relitigating the issue of ownership of the Property and thus cannot establish an essential element of his real property claims. Therefore, summary judgment is appropriate, and the Court **GRANTS** Defendant's motion as to these claims.

**B. Claims to Damages to Personal Property**

As to Plaintiff's remaining claim for damages to his personal property, neither res judicata nor collateral estoppel apply to bar these claims. The Underlying Action, a quiet title action, dealt with the issue of ownership of the real property at issue and did not address damages to personal property. (See Doc. 96-3.) Indeed, there are facts in the record indicating Plaintiff is the owner of the personal property at issue: the mobile home. (Id. at 4 (requiring Plaintiff "to remove his mobile home from the subject property").) Thus, summary judgment is not appropriate as to this claim. Even so, Plaintiff's remaining claim is due to be dismissed because of his failure to prosecute this action.

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with any court order. Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v.

10

Tallahassee Police Dep't, 205 F. App'x. 802, 802 (11th Cir. 2006) (citation omitted).

A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file. See, e.g., Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not an abuse of discretion). But where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim because of the running of the statute of limitations, it is tantamount to a dismissal with prejudice. Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Here, the applicable statute of limitations has run,[1] so a dismissal by the Court would amount to a dismissal with prejudice.

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (citation omitted); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citation omitted). However, dismissal with

---

[1] The statute of limitations for damages to personal property is four years. O.C.G.A. §§ 51-10-3, 9-3-30. The events giving rise to this action occurred "on or around August 2017." (Doc. 1, at 3.)

prejudice "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (citations omitted).

Dismissal with prejudice is appropriate here. Despite being warned about the consequences of failing to prosecute his claim and being advised on multiple occasions of his obligation to respond to Defendant's motions for summary judgment and the consequences for failing to respond (Doc. 93, at 1; Doc. 95, at 2 n.1; Doc. 97, at 1), Plaintiff has filed no opposition to Defendant's motion. Indeed, Plaintiff has not taken any action in this case in well over two years. Plaintiff has ignored his obligations to prosecute his case and to follow the Court's directives. Thus, Plaintiff's conduct demonstrates "a clear record of delay or willful contempt." Thomas, 170 F. App'x at 625-26. Furthermore, as a lesser sanction of dismissal without prejudice is unavailable due to the running of the statute of limitations, dismissal with prejudice is appropriate. Accordingly, due to Plaintiff's failure to follow the Court's directives and his failure to prosecute, the Court **DISMISSES** Plaintiff's personal property claims.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Doc. 96) is **GRANTED IN PART** as it relates to Plaintiff's real property claims. Based on his failure to prosecute, Plaintiff's personal property claims are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of February, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA